Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Justin M. Gomes (SBN 301793)
jgomes@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLANKIE TAILS, INC., a Pennsylvania Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>POSH PEANUT, INC., a California Corporation; FIONA SAHAKIAN, an individual; and DOES 1 through 10,<br><br>Defendants. | Case No.:<br><br>**PLAINTIFF'S COMPLAINT FOR**:<br><br>1. COPYRIGHT INFRINGEMENT;<br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT; AND<br>3. VIOLATION OF THE DMCA<br><br>JURY TRIAL DEMANDED |

COMPLAINT                                    1

Plaintiff, BLANKIE TAILS, INC. (hereinafter "BLANKIE TAILS"), by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred and the Defendants reside and/or are incorporated.

## PARTIES

4. Plaintiff BLANKIE TAILS is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a place of business in Bucks County.

5. Plaintiff is informed and believes and thereon alleges that Defendant POSH PEANUT, INC. (hereinafter "POSH PEANUT") is a California corporation with a principal place of business in Los Angeles County.

6. Plaintiff is informed and believes and thereon alleges that Defendant FIONA SAHAKIAN (hereinafter "SAHAKIAN") is an individual residing in California with a domicile located in Los Angeles, California.

7. Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff,

which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

8. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

9. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto, Defendant SAHAKIAN was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of Defendant POSH PEANUT and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO THE BLANKIE TAIL SHARK DESIGN

10. Prior to the conduct complained of herein, Plaintiff composed an original work of art that will be referred to hereinafter as the "Subject Design". This artwork was a creation of Plaintiff, and is, and at all relevant times was, owned exclusively by Plaintiff. A true and correct image of the Subject Design is set forth hereunder.

11. Plaintiff has obtained a United States Copyright Registration for the Subject Design.

12. Prior to the acts complained of herein, Plaintiff sold products bearing the Subject Design online through various online retailers, including but not limited to Amazon.com and via its own retail store, www.blankietails.com.

13. Prior to the acts complained of herein, Plaintiff was extremely successful in its sales of products bearing the Subject Design (hereinafter "Subject Product"), and the Subject Product became very popular and well-known in the giftware and retail clothing industries.

14. Plaintiff is informed and believes and thereon alleges that, before the infringement at issue occurred, Defendants POSH PEANUT and SAHAKIAN obtained a sample of the Subject Product from BLANKIE TAILS and/or a third party, and had knowledge that the Subject Design was proprietary to BLANKIE TAILS at the time of this obtainment, and knew at the time of this obtainment that it was not to exploit the design without the express prior permission of BLANKIE TAILS.

15. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Defendants POSH PEANUT and SAHAKIAN created, sold, manufactured, caused to be manufactured, and distributed products that are slavishly copied from the Subject Design, and which are identical to or substantially similar to the Subject Product (hereinafter "Infringing Product"), to the public via various online retailers, including without limitation www.amazon.com, www.etsy.com and via its own website www.poshpeanut.com. Such Infringing Product includes the product depicted hereunder, and as sold under the name "Shark Blanket Posh Peanut".

16. A true and correct comparison of the Subject Design and an exemplar of the Infringing Product is set forth below. It is apparent from a review and analysis of

the comparison that the creative components of the two works, as well as the elements, composition, colors, arrangement, layout, selection and arrangement of elements, and overall appearance of the designs are at least substantially similar:

| SUBJECT DESIGN: | INFRINGING PRODUCT: |
|---|---|

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against All Defendants, and Each)

17. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

18. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to Subject Design, including, without limitation, through (a) access to Plaintiff's website; (b) access to illegally distributed copies of the Subject Design by third-party vendors, including without limitation international

and/or overseas manufacturers; and/or (c) access to Plaintiff's product via online or brick and mortar retailers.

19. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by creating, making, and/or developing directly infringing and/or derivative works from the Subject Design and by producing, distributing and/or selling Infringing Products which infringe the Subject Design through on-line websites and through brick-and-mortar retailers.

20. The design on the Defendants' Infringing Product is at least substantially similar to the Subject Design and Subject Product.

21. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

22. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

23. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of the Subject Design in an amount to be established at trial.

24. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

25. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

26. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of products featuring the Subject Design as alleged herein.

27. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

28. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

29. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design, in an amount to be established at trial.

30. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above,

which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## THIRD CLAIM FOR RELIEF

**(For Violation of the Digital Millennium Copyright Act - Against All Defendants)**

31. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

32. Defendants, and each of them, accessed the Subject Design and the Subject Design bore Plaintiff's name and author information. This author information was included, *inter alia*, on a tag attached to the Subject Design.

33. Defendants, and each of them, removed Plaintiff's name and author information from the Infringing Product, and did not include any of Plaintiff's author information when Defendants, and each of them, exploited, published, and distributed the Infringing Product.

34. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, in engaging in the acts set forth above, violated 17 U.S.C. §1202 *et seq*. Indeed, Defendants, and each of them, by intentionally removing Plaintiff's attribution and copyright management information from the Subject Design and altering the attribution and copyright management information on said works to reflect that one or more of the Defendants authored or owned the works, violated 17 U.S.C. §1202(a)-(b). Defendants, and each of them, engaged in the above acts in creating the infringing works at issue in this case, and then distributed the mislabeled and misattributed copies of these works to the public.

35. Defendants, and each of them, removed and/or altered the attribution and copyright management information and distributed the mislabeled and misattributed copies with knowledge that the copyright management information had been removed or altered without authority of the copyright owner or the law, and distributed and publicly displayed the infringing copies knowing that the copyright management information had been removed or altered without authority of the copyright owner or the law, and knowing, or, with respect to civil remedies under § 1203, having reasonable grounds to know, that the conduct would induce, enable, facilitate, or conceal an infringement of certain rights under this title. In addition, certain of the infringing copies included alterations and manipulations by Defendants, and each of them, that appear to attribute or associate the Subject Design to Defendants, and each of them. These acts further violate §1202.

36. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, knowingly removed and altered the copyright management information on the infringing copies, and knowingly displayed the copies without the copyright management information.

37. Defendants, and each of them, removed Plaintiff's name and identifying material from the Subject Design in violation of this statute before publishing unauthorized copies of the Subject Design to the public.

38. The above conduct is in violation of the Digital Millennium Copyright Act and exposes Defendants, and each of them, to additional and enhanced common law and statutory damages and penalties, including in the form of Plaintiff's costs and attorneys' fees, pursuant to 17 USC § 1203 and other applicable law.

39. Plaintiff is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, and Plaintiff resultantly seeks enhanced damage and penalties.

# **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

## **Against All Defendants**

### With Respect to Each Claim for Relief

a. That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Design;

b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial;

c. That a trust be imposed over the revenues derived by Defendants, and each of them, through the sales or distribution of the product at issue;

d. That Plaintiff be awarded its costs and attorneys' fees as available under the Copyright Act or other authority;

e. That Plaintiff be awarded its costs and attorneys' fees, as well as exemplary and statutory damages, as available under 17 USC 1203 et seq. or other authority;

f. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

g. That a trust be imposed over any product, or revenues derived from any usage of the Subject Design;

h. That Plaintiff be awarded pre-judgment interest as allowed by law;

i. That Plaintiff be awarded the costs of this action; and

j. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: January 3, 2017     By:     */s/ Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
Trevor W. Barrett, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff